# EXHIBIT A

Case 2:22-cv-04885-GRB-AYS   Document 1-1   Filed 08/18/22   Page 2 of 10 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| JONATHAN PEREZ,<br><br>                Plaintiff,<br><br>     -against-<br><br>BLUE SKY HOSPITALITY SOLUTIONS, LLC,<br>NAVEEN SHAH, an individual, MADHU PAREEK, an<br>individual, DANIEL NEREBECKI, an individual,<br>ROBERT MARCIL, an individual, and AZAM ALI, an<br>individual,<br><br>                Defendants. | **Index No.**<br><br>Nassau County designated<br>as the place of trial by<br>agreement<br><br>**SUMMONS**<br><br>The basis of the venue is the<br>county in which Plaintiff's<br>residence is located and by<br>agreement |

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorney within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the inconvenience relief demanded in the Complaint.

Dated: Melville, New York
       July 11, 2022

                                       THE LAW OFFICE OF DAVID H.
                                       ROSENBERG, P.C.
                                       *Attorneys for Plaintiff*
                                       445 Broad Hollow Road, Suite 25
                                       Melville, New York 11747

                                       _____
                                       DAVID H. ROSENBERG

**Defendants' Addresses**
Blue Sky Hospitality Solutions, LLC
521 East Tower RXR Plaza
Uniondale, New York 11556

1

Case 2:22-cv-04885-GRB-AYS Document 1-1 Filed 08/18/22 Page 3 of 10 PageID #: 7

Naveen Shah
521 East Tower RXR Plaza
Uniondale, New York 11556

Madhu Pareek
521 East Tower RXR Plaza
Uniondale, New York 11556

Daniel Nerebecki
521 East Tower RXR Plaza
Uniondale, New York 11556

Robert Marcil
521 East Tower RXR Plaza
Uniondale, New York 11556

Azam Ali
521 East Tower RXR Plaza
Uniondale, New York 11556

2

Case 2:22-cv-04885-GRB-AYS Document 1-1 Filed 08/18/22 Page 4 of 10 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| JONATHAN PEREZ, | **COMPLAINT** |
| Plaintiff, | |
| -against- | Index No.: |
| BLUE SKY HOSPITALITY SOLUTIONS, LLC, NAVEEN SHAH, an individual, MADHU PAREEK, an individual, DANIEL NEREBECKI, an individual, ROBERT MARCIL, an individual, and AZAM ALI, an individual, | |
| Defendants. | |

Plaintiff Jonathan Perez ("Plaintiff"), by and through his attorneys, The Law Office of David H. Rosenberg, P.C., complaining of Defendants Blue Sky Hospitality Solutions, LLC ("Blue Sky"), Naveen Shah ("Shah"), Madhu Pareek ("Pareek"), Daniel Nerebecki ("Nerebecki"), Robert Marcil ("Marcil") and Azam Ali ("Ali" and all together as "Defendants") herein, alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

1. This is a sex discrimination and retaliation case brought pursuant to the New York State Human Rights Law, Executive Law § 296, et seq. ("NYSHRL") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

2. As to Title VII jurisdiction, on or about October 5, 2021, Plaintiff and Blue Sky agreed that "any action concerning" Plaintiff's employment "must be brought in Nassau Supreme Court in the State of New York" and that Plaintiff expressly waived Plaintiff's right to a trial by jury.

3. All conditions precedent to maintaining this action have been met. A charge of discrimination was filed with the Equal Employment Opportunity Commission, a Notice

3

Case 2:22-cv-04885-GRB-AYS Document 1-1 Filed 08/18/22 Page 5 of 10 PageID #: 9

of Right to Sue was emailed to Plaintiff on May 27, 2022, and this action has been filed within ninety (90) days of receipt.

## PARTIES

4. At all relevant times, Blue Sky was a corporation duly incorporated, validly existing, and in good standing, under the laws of New York, with a principal business location of 521 East Tower RXR Plaza, Uniondale, New York 11556 ("Premises").

5. At all relevant times, Blue Sky was a hotel management company.

6. At all relevant times, Blue Sky had 15 or more employees.

7. At all relevant times, Shah was the male chief executive officer.

8. At all relevant times, Pareek was the female regional vice president of operations.

9. At all relevant times, Nerebecki was the male accounting manager.

10. At all relevant times, Marcil was the male director of human resources.

11. At all relevant times, Ali was the male vice president of accounting.

12. At all relevant times, Plaintiff, a male resident of Nassau County, New York, was an employee of Blue Sky.

13. At all relevant times, Plaintiff reported to work at the Premises.

## FACTS

14. On October 8, 2021, Plaintiff's first day of employment, Ali instructed Plaintiff to come to his, Ali's, private office. Once both inside, Ali shut the office door and asked, "When are we going to spend time alone together?" Understanding this to be a request to engage in sexual activity, Plaintiff turned down Ali's request and switched the topic of conversation.

15. On October 13, 2021, while in Ali's private office with the door closed, Ali again asked Plaintiff, "When are we going to spend time alone together?" Ali then showed Plaintiff a picture of his wife

4

on his desktop and complained, "We got married as kids, so things are different now. Are you into her, do you like her?" Plaintiff again turned down Ali's request to spend time alone together and switched the topic of conversation. Other non-male employees, and those who did not oppose discriminatory practices, were not treated this way.

16. On October 16, 2021, Ali instructed Plaintiff to come to the kitchen located at the Premises. There, Ali asked Plaintiff generally, "Have you ever been to an orgy?" Plaintiff objected to the treatment by saying no and switching the topic of conversation. Ali then said words to the effect of, "I need to get you started in a sex party." Plaintiff said, "I am not interested, please stop." Ali replied generally, "Oh Jonathan, don't worry, I will get you started in these sex parties." Other non-male employees, and those who did not oppose discriminatory practices, were not treated this way.

17. On October 18, 2021, Ali instructed Plaintiff to come to his, Ali's, private office. There, with the door shut, Ali retaliated with false claims of wrongdoing against Plaintiff. To this point, Ali said generally, "There are these people saying that you disappear." Plaintiff said, "I do not disappear, I do my work as instructed." Other non-male employees, and those who did not oppose discriminatory practices, were not treated this way.

18. That day, Plaintiff complained to Marcil, "Azam [Ali] has been trying to get me alone with him and he wants me to attend these sex parties with him. I told him stop and he won't, please help me." Marcil reported this sexual harassment complaint to Shah who immediately offered a $5,000.00 raise to Plaintiff in an effort to conceal the discrimination. Shah told Plaintiff, "There are many different cultures here, please don't quit, I will talk to Azam [Ali]." Notwithstanding this sexual harassment complaint, no investigation was conducted, no corrective action was taken, and no disciplinary action was given. On the contrary, Plaintiff was forced to continue working in the aforesaid hostile work environment.

5

Case 2:22-cv-04885-GRB-AYS Document 1-1 Filed 08/18/22 Page 7 of 10 PageID #: 11

19. On November 11, 2021, regional vice president of operations Pareek asked Plaintiff generally, "Do you only like Latino girls? Do you like Indian girls? I have these sex parties with men at my house, can you come by?" Plaintiff said, "No, please stop." Other non-male employees, and those who did not oppose discriminatory practices, were not treated this way.

20. That day, Plaintiff reported to Marcil, "Madhu [Pareek] just asked me if I like Latino girls, Indian girls, and if I want to come to the sex parties he hosts at his house with men. I am really uncomfortable here." Marcil responded, "I am shocked Jonathan, don't worry, we will handle this internally." Notwithstanding Marcil's "shock", no investigation was conducted, no corrective action was taken, and no disciplinary action was given. On the contrary, Plaintiff was forced to continue working in the aforesaid hostile work environment.

21. On December 7, 2021, Shah instructed Plaintiff to request a company credit card from Ali to be used for a work trip to Dallas and Houston, Texas. Ali instructed Plaintiff to go to accounting manager Nerebecki and request the company credit card. Plaintiff requested the credit card from Nerebecki as instructed. In a sarcastically seductive tone, Nerebecki asked slowly, "Oh, are you going down there with Azam?" Understanding this to mean that Nerebecki believed Ali and Plaintiff were traveling on a romantic getaway, Plaintiff said, "No, none of that stuff will be going on here. I am going to Dallas and Azam is going to Houston". Azam later told Plaintiff, "You should drive from Dallas to Houston to see me, it's only a two-and-a-half-hour drive." Plaintiff said "no" to which Ali then dropped his voice and asked in a slower, more seductive tone, generally, "Why not, we only have the entire hotel to ourselves Jonathan?" Plaintiff again said "no" and tried to change the topic of conversation. Other non-male employees, and those who did not oppose discriminatory practices, were not treated this way.

6

Case 2:22-cv-04885-GRB-AYS Document 1-1 Filed 08/18/22 Page 8 of 10 PageID #: 12

22. On December 8, 2021, Plaintiff attended a Company holiday party at Verdis of Westbury with his girlfriend, Sandra. There, Ali asked Sandra for her name. After she replied "Sandra", Ali then screamed in a deliberately slow, sarcastic tone of voice, "Sandra, why the name Sandra? Oh, I know, Sandra stands for Latin hotness." Ali raised his voice in a loud enough tone so that other attendees could hear and then said, "Would you and Jonathan like to come to an after party with me?" Plaintiff said, "No." Other non-male employees, and those who did not oppose discriminatory practices, were not treated this way.

23. On December 9, 2021, Plaintiff complained to Marcil generally, "Yesterday at the party, Azam [Ali] was hitting on my girlfriend in front of everyone, saying that her name stands for Latin hotness, and he invited me to an "after party" afterwards to which I told him no." Marcil said, "We are handling this internally." Notwithstanding Marcil's promises, nothing was "handled", no investigation was conducted, no corrective action was taken, and no disciplinary action was given. On the contrary, Plaintiff was forced to continue working in the aforesaid hostile work environment.

24. On January 1, 2022, in an effort to cover up the sexual harassment and retaliation, Shah gave Plaintiff another $5,000.00 per annum raise.

25. On February 8, 2022, Nerebecki physically approached Plaintiff at the Premises, rubbed the front of his body against Plaintiff's, and asked in a low, hushed tone, "Can I have your cell phone number in my phone?" Plaintiff said "no" and walked away. Other non-male employees, and those who did not oppose discriminatory practices, were not treated this way.

26. That day, Plaintiff complained to Marcil generally, "Daniel [Nerebecki] just came up to me, rubbed himself against me and asked me for my cell phone number in his phone, this is all really creeping me out." Marcil said, "Don't worry, we are handling this internally." Notwithstanding

7

Marcil's promises, nothing was "handled", no investigation was conducted, no corrective action was taken, and no disciplinary action was given. On the contrary, Plaintiff was forced to continue working in the aforesaid hostile work environment.

27. On February 14, 2022, and in a further effort to cover up the sexual harassment and retaliation, Shah drafted an official letter of recommendation for St. John's University and NYIT on Plaintiff's behalf.

28. On February 23, 2022, Marcil terminated Plaintiff on account of sex and in retaliation.

29. As a result of the discriminatory/retaliatory termination, Plaintiff suffered and continues to suffer emotional and economic damages.

## FIRST CAUSE OF ACTION
*(Sex discrimination and retaliation under the NYSHRL against all Defendants)*

30. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. Plaintiff was discriminated against on account of sex.

32. Plaintiff was retaliated for opposing discriminatory practices.

33. As more fully set forth above, Defendants took adverse employment actions against Plaintiff by subjecting him to more than petty slights and trivial inconveniences; inferior terms of a hostile work environment; and an atmosphere of adverse actions, chiefly being Plaintiff's termination.

34. The individual Defendants participated in, as well as aided; abetted, incited, compelled and/or coerced the aforementioned unlawful conduct.

## SECOND CAUSE OF ACTION
*(Sex discrimination and retaliation under Title VII against Blue Sky only)*

8

Case 2:22-cv-04885-GRB-AYS   Document 1-1   Filed 08/18/22   Page 10 of 10 PageID #: 14

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. Plaintiff was discriminated against on account of sex.

37. Plaintiff was retaliated for opposing discriminatory practices.

38. As more fully set forth above, Blue Sky took adverse employment actions against Plaintiff, subjected him to a severe and pervasive hostile work environment and/or maintained an atmosphere of adverse actions, chiefly being Plaintiff's termination, in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory, liquidated, lost pay, front pay, back pay, injunctive relief, reinstatement, emotional, punitive, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

Dated: Melville, New York
      July 11, 2022

THE LAW OFFICE OF DAVID H. ROSENBERG, P.C.

DAVID H. ROSENBERG
The Law Office of David H. Rosenberg, P.C.
*Attorneys for Plaintiff*
445 Broad Hollow Road, Suite 25
Melville, New York 11747
Ph: (516) 741-0300
F: (516) 385-4848

9